IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN RAYMOND SINCLAIR,

                  Plaintiff,

    v.

JASPAL DHALIWAL, STEPHEN
DAVIS, STEVEN DeLAHERAS,
ISRAEL JACQUEZ, ALAN D. BOOTH,
and JEFF E. THOMAS,

              Defendants.

No. 03:12-cv-00857-HZ

OPINION & ORDER

John Raymond Sinclair
24009 – 53W
Mount Lake Terrace, WA 98043

       Pro se Plaintiff

Natalie K. Wight
UNITED STATES ATTORNEY'S OFFICE
1000 SW Third Avenue, Suite 600
Portland, OR 97204

       Attorney for Defendants

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Plaintiff brings claims for violation of his civil rights and medical negligence. Second Am. Compl. ¶¶ 26–28.  Plaintiff initially filed this action asserting a violation of his Eighth Amendment rights by Defendants through their failure to provide adequate and appropriate care for hepatitis C and sought $900,000 in damages and injunctive relief.  Compl. ¶ 5.  The Court dismissed Plaintiff's complaint for failure to state a claim upon which relief may be granted. June 11, 2012 Order to Dismiss.  Plaintiff then filed a motion for Reconsideration, or in the Alternative, a Motion for Relief Pursuant to Rule 60(b). Mot. Recons. ¶ 10.  The Court granted Plaintiff's motion and the dismissal order was vacated.  Plaintiff then filed a second amended complaint.

In Plaintiff's first claim, Plaintiff alleges that Defendants violated his Eighth Amendment rights by acting with deliberate indifference in denying him treatment of his hepatitis C with a newly approved treatment. Second Am. Compl. ¶¶ 26–27.  Plaintiff's second claim is for medical negligence under the Federal Tort Claims Act.  Id. at ¶ 28.  Defendants move to dismiss for failure to state a claim upon which relief can be granted (#33).  Plaintiff did not file a response to oppose the motion.  For the reasons that follow, Defendant's motion to dismiss is GRANTED.

STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief.  Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).  In evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and

construe them in the light most favorable to the plaintiff.  Wilson v. Hewlett-Packard Co., 668

F.3d 1136, 1140 (9th Cir. 2012).  However, the court need not accept conclusory allegations as

truthful.  Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff alleges the "grounds"

of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action[.]"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

(2007).  "Factual allegations must be enough to raise a right to relief above the speculative level,

. . . on the assumption that all the allegations in the complaint are true (even if doubtful in

fact)[.]"  Id. (citations and footnote omitted).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(internal quotation omitted).  Additionally, "only a complaint that states a plausible claim for

relief survives a motion to dismiss."  Id. at 679.  The complaint must contain "well-pleaded

facts" which "permit the court to infer more than the mere possibility of misconduct."  Id.

DISCUSSION

I.      First Claim: Eighth Amendment Violation

Plaintiff brings this civil rights claim under Bivens v. Six Unknown Federal Narcotics

Agents.  In order to prevail on an Eighth Amendment claim that medical treatment has been

denied or inadequately rendered, a prisoner must establish that there has been "deliberate

indifference to [his] serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 104 (1976); Lopez

v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000); see also, Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).

A determination of "deliberate indifference" requires an examination of two elements: 1) the seriousness of the prisoner's medical needs, and 2) the nature of the defendant's response. McGuckin v. Smith, 974 F.2d 1050, 1059–60 (9th Cir. 1992) (overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997)). To find deliberate indifference, "[a] defendant must purposefully ignore or fail to respond to a [petitioner's] pain or possible medical need." Id. at 1060.

A.    Seriousness of Medical Needs

Whether a medical condition is considered serious ordinarily is a question left to physicians, Brownell v. Figel, 950 F.2d 1285, 1291 (7th Cir. 1991); Davis v. Jones, 936 F.2d 971, 992 (7th Cir. 1991), but in general, a medical condition is serious if it is life threatening or poses a risk of needless pain or lingering disability if not treated at once. Id. at 972; see also, Farmer v. Brennan, 511 U.S. 825, 847 (1994). Plaintiff had been diagnosed with chronic hepatitis C and was transferred to FCI Sheridan because he requires a greater level of care than was available at his previous institution. There is no question that Plaintiff has a serious medical need. Thus, Plaintiff has satisfied the first prong for stating a claim under the Eighth Amendment.

B.    Defendants' Response to Medical Needs

For the second prong, Plaintiff must allege facts sufficient to show that Defendants purposefully ignored or failed to respond to his medical needs. Plaintiff alleges that Defendants' acts constitute "deliberate indifference to Plaintiff's serious medical needs." Second Am. Compl. ¶ 26. Plaintiff contends that denial of a new treatment regimen for Hepatitis C amounts

to "interference of prescribed medical treatment."  Id. at ¶ 27.  Importantly, Plaintiff admits that

he is receiving medical care for his disease.  Plaintiff's claim is premised, not on a denial of

medical care, but on the fact that a medical specialist found Plaintiff to be a good candidate for a

new treatment regimen and that BOP staff treated Plaintiff using the old Hepatitis treatment

instead of "the new Hepatitis C treatment."  Second. Am. Compl. ¶ 28.  Plaintiff's claims are,

therefore, premised on a difference of opinion between Plaintiff and BOP medical staff, as to the

appropriate medical care for his condition.

A dispute between a prisoner and prison officials over the necessity for or extent of

medical treatment does not raise a claim under Bivens.  Toguchi v. Chung, 391 F.3d 1051, 1058

(9th Cir. 2004).  "Rather, to prevail on a claim involving choices between alternative courses of

treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable

under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the

prisoner's ] health.'"  Id. (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)).

Because courts lack medical expertise, "where prisoners receive some medical attention

and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to

second guess medical judgment."  Miranda v. Munoz, 770 F.2d 255, 259 (1st Cir. 1985); Layne

v. Vinzant, 657 F.2d 468, 474 (1st Cir. 1985); Toguchi, 391 F.3d at 1058.  Liability may be

imposed only where the decision by the medical professional is so objectively unreasonable as to

demonstrate that it was not based on professional judgment.  Youngberg v. Romeo, 457 U.S.

307, 323 (1982); Estate of Conners v. O'Conner, 846 F.2d 1205, 1209 (9th Cir. 1988), cert.

denied, 489 U.S. 1065 (1989).

Plaintiff's allegations do not show that his current treatment is medically unacceptable or

was chosen in conscious disregard of an excessive risk to his health.  Plaintiff has only alleged a

desire for a newer treatment for hepatitis C.  Furthermore, I decline to second guess the medical

opinion of the BOP staff who prescribed Plaintiff's current treatment.  Plaintiff has failed to state

a claim for violation of his Eighth Amendment.

II.     Second Claim: Medical Negligence

        In his second claim, Plaintiff alleges that Defendants' actions constitute medical

negligence.  Plaintiff must plead factual allegations to support a negligence claim: (1) duty; (2)

breach of the duty; (3) causation; and (4) a legally cognizable harm.  Brennan v. City of Eugene,

591 P.2d 719 (Or. 1979).  To show a breach of the duty, Plaintiff must demonstrate that

Defendants' actions fell below the standard of care, defined as "that degree of care, skill and

diligence that is used by ordinarily careful physicians in the same or similar circumstances in the

community of the physician or a similar community." OR. REV. STAT. § 677.095 (2013).

        Plaintiff simply alleges that Defendants "fail[ed] . . . to provide him with the Medical

Standard of Care.'"  Second Am. Compl. ¶ 28.   Plaintiff does not provide factual allegations

that the "old treatment" falls below the standard of care.  Taken alone, Defendant's conclusory

statement that the "new" treatment is the standard of care is insufficient to state a claim.

Additionally, Plaintiff has failed to allege facts which demonstrate injury.  Plaintiff does not

specify how he has been injured, nor does he seek a pecuniary award for damages.  Plaintiff's

Second Amended Complaint is deficient of factual allegations that are necessary to support a

claim for medical negligence.

CONCLUSION

        Regarding claim one, Plaintiff's second amended complaint failed to address the

deficiencies identified in my first Order to Dismiss.  Dkt. #8.  Rather, Plaintiff's first claim is a

reiteration of the same claim from his initial complaint.  Accordingly, Plaintiff's claim for violation of his Eighth Amendment is dismissed with prejudice.

As to Plaintiff's second claim, Plaintiff has not alleged facts sufficient to support a cause of action for medical negligence.  Plaintiff's second claim is also dismissed, but with leave to amend within thirty days.

IT IS SO ORDERED.

Dated this ____28____ day of June, 2013.

MARCO A. HERNANDEZ
United States District Judge